

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 28, 1993

Honorable John B. Holmes, Jr.
Harris County District Attorney
201 Fannin, Suite 200
Houston, Texas 77002-1901

Opinion No. DM-200

Re: Whether a juvenile court is required to hold a hearing prior to waiving its exclusive original jurisdiction in a truancy case and transferring the case to a justice of the peace pursuant to section 54.021 of the Family Code, and related questions (RQ-424)

Dear Mr. Holmes:

You have asked three questions regarding truancy[1] cases. Specifically, you ask the following:

1. Is a juvenile court required to hold a hearing prior to waiving its exclusive original jurisdiction in a truancy case and transferring the case to a justice of the peace under Texas Family Code § 54.021?

2. Is a child entitled to appointed counsel in a truancy case before a justice of the peace?

3. Is a tardiness to class an "unexcused voluntary absence" under Texas Family Code § 51.03(b)(2) and Texas Education Code § 4.25?

Title 3 of the Family Code, which contains the sections of the Family Code about which you inquire, pertains to delinquent children and children in need of supervision. Section 51.03(a) defines "delinquent conduct" as an act a child[2] commits that (1) is other than a traffic offense, but that violates a state penal law punishable by imprisonment or by confinement in jail; or (2) violates, with certain exceptions, a reasonable and lawful order

---

[1] We understand you to use the word "truancy" to refer to cases in which a child is alleged to have engaged in conduct indicating a need for supervision under section 51.03(b)(2) of the Family Code. *See infra* p. 2. For purposes of this opinion, we will use the word in the same sense.

[2] For purposes of title 3 of the Family Code, a "child" is a person who is "(A) ten years of age or older and under 17 years of age; or (B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age." Fam. Code § 51.02(1).

that a juvenile court entered pursuant to section 54.04 or 54.05 of the Family Code.[3]  A child who engages in conduct indicating a need for supervision, as section 51.03(b) defines the term, may engage in one of five types of conduct, including truancy, which section 51.03(b)(2) defines as "the unexcused voluntary absence of a child on 10 or more days or parts of days within a six-month period or three or more days or parts of days within a four-week period from school without the consent of [the child's] parents."

Pursuant to section 54.021 of the Family Code, juvenile courts, which have exclusive original jurisdiction of all title 3 cases, may waive jurisdiction in truancy cases. Section 54.021 of the Family Code provides as follows:

> (a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to an appropriate justice court for disposition in the manner provided by Subsection (b) of this section if the child is alleged to have engaged in conduct described in Section 51.03(b)(2) of this code.

> (b) A justice court may exercise jurisdiction over a child alleged to have engaged in conduct indicating a need for supervision by engaging in conduct described in Section 51.03(b)(2) in a case where the juvenile court has waived its original jurisdiction under this section.

> (c) On a finding that a child has engaged in conduct described by Section 51.03(b)(2), the justice court shall enter an order appropriate to the nature of the conduct.

> (d) On a finding by the justice court that the child has engaged in truant conduct and that the conduct is of a recurrent nature, the court may enter an order that includes one or more of the following provisions requiring that:

>> (1) the child attend a preparatory class for the high school equivalency examination provided under Section 11.35, Education Code, if the court determines that the child is too old to do well in a formal classroom environment;

_____

[3]Section 54.04 of the Family Code concerns the conduct of a disposition hearing, which a juvenile court is to hold separately, distinctly, and subsequently to the adjudication hearing.  At an adjudication hearing, a juvenile court, generally sitting with a jury, determines whether a child has engaged in delinquent conduct or conduct indicating a need for supervision.  Fam. Code § 54.03(a), (c). In a sense, the disposition is parallel to the sentencing portion of criminal proceedings.  At a disposition hearing, the court first must determine whether the child is in need of rehabilitation, or whether disposition is necessary to protect the public or the child.  *Id.* § 54.04(c).  If the court so finds, the court may order the child to be placed on probation or to be committed to the Texas Youth Commission.  *Id.* § 54.04(d).  Section 54.05 provides for hearings to modify disposition.

> (2) the child attend a special program that the court determines to be in the best interests of the child, including an alcohol and drug abuse program;

> (3) the child and the child's parents, managing conservator, or guardian attend a class for students at risk of dropping out of school designed for both the child and the child's parents, managing conservator, or guardian;

> (4) the child complete reasonable community service requirements; or

> (5) the child's driver's license be suspended in the manner provided by Section 54.042 of this code.

The legislature added section 54.021 to the Family Code in 1991. *See* Acts 1991, 72d Leg., ch. 741, § 1.

You first ask us to determine whether section 54.021 requires a juvenile court to hold a hearing before the court waives its exclusive original jurisdiction in a truancy case and transfers the case to a justice court. You base your question on a comparison of sections 54.02 and 54.021 of the Family Code. Section 54.02 authorizes a court to waive its exclusive original jurisdiction and transfer a child to the appropriate district or criminal district court for criminal proceedings in certain instances. Prior to transferring a case to a district or criminal district court, however, the court must conduct a hearing to consider such a transfer. Fam. Code § 54.02(c). Section 54.02(j), (k), (*l*) also authorize a juvenile court to waive its exclusive original jurisdiction and transfer a person over the age of 18 to the appropriate district or criminal district court for criminal proceedings if certain conditions are met and following a hearing to consider waiver of jurisdiction. In contrast to the explicit instructions section 54.02 provides a juvenile court for conducting a hearing to consider waiver of jurisdiction, section 54.021 contains no mention of such a hearing. On its face, therefore, section 54.021 does not require a juvenile court to hold a hearing.[4]

---

[4]The hearing section 54.02 requires is consistent with the decision of the United States Supreme Court in *Kent v. United States*, 383 U.S. 541 (1966). In *Kent*, a 16 year old was arrested in connection with charges of housebreaking, robbery, and rape. *Id.* at 544. Because of his age, the 16 year old was subject to the exclusive original jurisdiction of the District of Columbia Juvenile Court, *id.* at 543; the Juvenile Court, however, without holding a hearing, transferred the case to the United States District Court for the District of Columbia. *Id.* at 546. The Supreme Court found several "special rights and immunities" that accompany the exclusive jurisdiction of the juvenile court.

> [The child] is, as specified by the statute, shielded from publicity. He may be confined, but with rare exceptions he may not be jailed along with adults. He may be detained, but only until he is 21 years of age. The court is admonished by the statute to give preference to retaining the child in the custody of his parents "'unless his welfare and the safety and protection of the public can not be adequately safeguarded without . . . removal.'" The child is protected against consequences of adult conviction such as the loss of civil rights, the use of

Next, you ask us to determine whether a child has a right to an appointed counsel in a truancy case that is before the justice of the peace. You contend that a child has no such right. We disagree.

The United States Supreme Court, in *In re Gault*, 387 U.S. 1 (1967), concluded that the due process clause of the fourteenth amendment requires a juvenile court to notify a child and the child's parents that the child has a right to be represented by counsel in all proceedings to determine delinquency which may result in the child's commitment to an institution in which the juvenile's freedom is curtailed. 387 U.S. at 41. If the child or the child's parents are unable to afford counsel, the court is to appoint an attorney to represent the child. *Id.* In title 3 of the Family Code, the Texas Legislature has gone beyond the requirements of the federal constitution. R. DAWSON, TEXAS JUVENILE LAW: AN ANALYSIS OF JUVENILE STATUTORY AND CASE LAW FOR TEXAS JUVENILE JUSTICE OFFICIALS 43 (2d ed. 1988). Significantly, section 51.10(a) extends the constitutional requirements by providing a child with a right to representation by counsel at every stage of all possible proceedings under title 3.[5] *See id.*; Dawson, *Title 3. Delinquent Children*

---

(footnote continued)

adjudication against him in subsequent proceedings, and disqualification for public employment.

*Id.* at 556-57. Because the juvenile court's waiver of jurisdiction means that the child loses these special rights and immunities, the Supreme Court concluded that the waiver of jurisdiction is a "critically important" action that determines vitally important rights of a juvenile. *Id.* at 556; *accord M.____ v. State*, 520 S.W.2d 878, 880 (Tex. Civ. App.--San Antonio 1975, no writ). Accordingly, the child is entitled to a hearing, which must satisfy the requirements of due process and fair treatment. *Kent*, 383 U.S. at 557, 560-62.

We found no legislative history indicating why the legislature did not require a juvenile court to hold a hearing prior to transferring its exclusive jurisdiction to a justice court in a truancy proceeding. Possibly, the legislature determined that the transfer of jurisdiction to the justice court does not implicate the loss of the "special rights and immunities" that the Supreme Court found in *Kent*, and that a hearing is unnecessary. You have not asked and therefore we have not considered, whether section 54.021 of the Family Code is constitutional.

[5]Section 51.10 provides in pertinent part as follows:

(a) A child may be represented by an attorney at every stage of proceedings under this title, including:

[List of eight kinds of proceedings]

(b) The child's right to representation by an attorney shall not be waived in:

[List of five kinds of proceedings]

. . . .

(d) The court shall order a child's parent or other person responsible for support of the child to employ an attorney to represent the child, if:

(1) the child is not represented by an attorney;

*and Children in Need of Supervision*, 21 TEX. TECH L. REV. 1747, 1772 (1990). Because a truancy proceeding is a proceeding under title 3, section 51.10 provides a child who is accused of engaging in truant conduct with a right to representation by an attorney.

If the child's parents are financially unable to employ an attorney, section 51.10(f) requires the court to appoint counsel. *See id.* You argue that neither section 51.10 nor section 54.021 of the Family Code expressly authorize a justice of the peace to appoint an attorney for a child who is entitled to counsel under section 51.10(f). However, we understand that generally, in juvenile proceedings, the juvenile court appoints an attorney for a juvenile upon learning that the child is entitled to counsel. The appointed attorney then represents the child at all proceedings in the case. Thus, the justice of the peace rarely will need to appoint an attorney. This is consistent with the scheme the legislature has devised for waiving a child's right to counsel: a child may waive the right to counsel, but only in accordance with section 51.09, which requires the child's attorney to join in the waiver of an attorney. Fam. Code § 51.10(b); Dawson, *supra* at 1772. Consequently, an indigent child may not waive the right to representation by an attorney in justice court unless the child already has an attorney, appointed earlier in the proceedings.[6]

---

(footnote continued)

        support of the child is financially able to employ an attorney to represent the child; and

        (3) the child's right to representation by an attorney;

        (A) has not been waived under Section 51.09 of this code[.]

    . . . .

        (e) The court may enforce orders under Subsection (c) of this section . . . by appointing counsel and ordering the parent or other person responsible for support of the child to pay a reasonable attorney's fee set by the court.

        (f) The court shall appoint an attorney to represent the interest of a child entitled to representation by an attorney, if:

        (1) the child is not represented by an attorney;

        (2) the court determines that the child's parent or other person responsible for support of the child is financially unable to employ an attorney to represent the child; and

        (3) the child's right to representation by an attorney:

        (A) has not been waived under Section 51.09 of this code[.]

    [6]In the event that a child who is entitled to an attorney under section 51.10(f) has not waived the right to counsel and is before the justice court without appointed counsel, we believe that the justice of the peace has implied authority to appoint an attorney to represent the child. *See generally* Attorney General Opinion JM-977 (1988).

Your third question asks whether "tardiness to class" is an unexcused voluntary absence under section 51.03(b)(2) of the Family Code. The Family Code does not define the term "unexcused voluntary absence," nor did we find any legislative history indicating the specific meaning of the term. In our opinion, however, section 51.03(b)(2) contemplates that a child is not present in the school building for a certain period of time. On the other hand, "tardiness to class," as you put it, suggests that the child is present in the school building but, for one reason or another, is late getting to a scheduled class. Generally, therefore, tardiness to class is not an "unexcused voluntary absence" for purposes of section 51.03(b)(2) of the Family Code. Of course, circumstances may arise in which a child's tardiness is so egregious as to constitute an unexcused voluntary absence; we have no facts before us here, however.

Section 4.25 of the Education Code authorizes a school attendance officer, *see* Educ. Code §§ 21.036, 21.037, to file a lawsuit against the parent or person standing *in loco parentis* who fails to require the child "to attend school for such periods as required by law." Like section 51.03(b)(2) of the Family Code, section 4.25 of the Education Code appears to contemplate that the child is absent from the school building for a specified period of time. Accordingly, tardiness to class generally is not within the ambit of section 4.25. In general, then, tardiness to class does not invoke proceedings under either section 51.03(b)(2) of the Family Code or section 4.25 of the Education Code.

## S U M M A R Y

Section 54.021 of the Family Code does not require a juvenile court to hold a hearing prior to waiving its exclusive original jurisdiction in a case under section 51.03(b)(2) of the Family Code and transferring the case to a justice of the peace. A child brought into court under section 51.03(b)(2) of the Family Code is entitled to representation by an attorney at all stages of the proceedings. If the child or the child's parents are unable to afford counsel, the court must appoint an attorney to represent the child. In general, tardiness to class does not invoke proceedings under either section 51.03(b)(2) of the Family Code or section 4.25 of the Education Code.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K.Oltrogge
Assistant Attorney General